IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRUCE CONTWAY, as Conservator and Guardian of the Person and Estate of KATHLEEN CONTWAY, a Protected and Incapacitated Person,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LORETTA LUKENS, and REHABILITATION NURSING CONSULTANTS, INC., an Arizona corporation,<br><br>　　　　　Defendants. | CV-24-31-GF-BMM<br><br>PRELIMINARY INJUNCTION ORDER |

    Plaintiff Bruce Contway as conservator and guardian of Kathleen Contway ("Contway") sues Loretta Lukens and Rehabilitation Nursing Consultants ("Defendants") for, among other things, allegedly overcharging the Kathleen Ann Contway Trust Agreement ("Trust") in violation of fiduciary duties. (Doc. 1.) Contway has moved for entry of a temporary restraining order and preliminary injunction against Defendants to prohibit certain disbursement, transfer, or use of funds paid from the Trust or intermingled with such payments. (Doc. 3.) The Court weighed the equities and entered a temporary restraining order on April 9, 2024,

1

which was set to expire on April 23, 2024. (Doc. 4.) The Court then held a hearing on April 16, 2024, after which the Court extended the temporary restraining order for good cause showing (Doc. 7). The Court held a hearing on April 30, 2024, after which the Court again extended the temporary restraining order for good cause showing. (Doc. 17.) The Court held a third hearing on May 14, 2024. (Doc. 21.) Defendant Loretta Lukens was served on April 28, 2024. (Doc. 13.) Defendant Lukens has not yet appeared in this matter.

A party seeking a preliminary injunction must establish the following four elements: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in their favor; and (4) that a preliminary injunction would be in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The risk of injury to Plaintiff found in the April 9, 2024 Order (Doc. 4) persists and the equitable considerations discussed in the April 9, 2024 Order remain unchanged. *See* (Doc. 7, 17.) Contway accordingly has established the *Winter* elements. A preliminary injunction proves warranted at this time.

## ORDER

1. Defendants Loretta Lukens and Rehabilitation Nursing Consultants, Inc., and Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them

or any of them are **HEREBY ENJOINED** from in any manner, directly or indirectly:

    a. Moving or transferring any funds, without Plaintiff's express written consent, out of any bank or financial accounts into which any payments from the Trust received since January 1, 2022, were deposited; or,

    b. Transferring, disbursing, gifting, loaning, lending, secreting, concealing, or in any other way disposing of any assets or proceeds of any assets in which Defendants have any legal or equitable interest and which were purchased with any portion of the funds received from the Trust since January 1, 2022;

With these exceptions:

    c. Defendants may make expenditures and incur indebtedness to pay for existing utility bills, mortgage or rental payments, auto payments, insurance bills, medical bills, reasonable and necessary attorney's fees and litigation costs, and reasonable and necessary bills for groceries and other essential household goods, or other reasonable and necessary expenditures;

    d. Defendants may encumber, sell, or transfer any nonmonetary asset governed by paragraphs (a) through (b) to make the

      expenditures or incur the indebtedness described in paragraph (c), provided, however, that Defendants must give Plaintiff written notice of their intention to dispose of, sell, transfer, or encumber any nonmonetary asset governed by paragraphs (a) through (b), above, not less than five (5) days before effectuating such transaction. Plaintiff will have the right to object and seek specific injunctive relief regarding the contemplated transaction; and

e. The notice described in paragraph (d) shall specify: The assets to be sold, transferred, or encumbered; the purpose(s) of encumbrance; the person and/or entity to whom the assets will be sold or transferred, or to whom the encumbrance will be granted; the consideration for the asset transfer or encumbrance, and the terms of the sale, transfer or encumbrance.

**DATED** this 14th day of May, 2024.

_____
Brian Morris, Chief District Judge
United States District Court